UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN ESTATES, INC., a New York Corporation,  Plaintiff,  v.  MARIETTA CELLARS INCORPORATED, *et al.*,  Defendants. | Civ. No. 10-6763-WJM  OPINION  HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants Marietta Cellars, Inc. and Marietta Marketing, Inc.'s (collectively, "Marietta" or "the Marietta Defendants") motion to Dismiss Plaintiff American Estates, Inc.'s ("AEI") complaint for failure to comply with New Jersey statutory requirements regarding foreign businesses. In the alternative, Marietta moves to dismiss the first count of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons stated below, the Court will grant the motion to dismiss as to the first count of the Complaint and will otherwise deny the motion. The Court will further grant AEI leave to amend the Complaint to address the deficiencies in its pleading identified in this Opinion.

### I.    Factual and Procedural Background

Plaintiff AEI is a New York corporation with its principal place of business in New Jersey. AEI markets and distributes wine in the Northeast Region. Defendant Marietta Cellars, Inc. is a California corporation with its principal place of business in California. Defendant Marietta Marketing, Inc, is also a California Corporation with its principal place of business in California. The Marietta Defendants engage in the production, marketing, and sale of wines. Also named in the action as defendants are John Does 1-10; they have no bearing on the instant motion.

1

As alleged in the complaint, AEI was the exclusive distributor of Marietta's wines in the region for approximately twenty years. During that time, AEI alleges that it made enormous investments and sacrifices in the success and distribution of Marietta's wines in the region. These included bearing costs and credit risks on behalf of Marietta. These efforts bore fruit, and the Northeast Region became Marietta's largest source of sales. On October 3, 2005, Marietta terminated its arrangement with AEI without notice just before AEI's busiest season of the year. AEI is now unable to sell Marietta's products.

AEI sued the Marietta Defendants in the Superior Court of New Jersey, Law Division, Union County, on December 20, 2010, claiming violation of the New Jersey Franchise Practices Act, N.J.S.A. 56:10-1 *et seq.* (the "NJFPA"), breach of contract and violation of the obligation to deal fairly and in good faith, promissory estoppel, unjust enrichment, and conspiracy to interfere with prospective economic advantage. The upshot of AEI's complaint is that it was Marietta's *de facto* franchisee and/or enjoyed a contractual relationship with Marietta, and that Marietta's abrupt termination of their business relationship was in violation of that agreement and New Jersey law and was otherwise inequitable. AEI seeks damages, including punitive damages, pre-and post-judgment interest, and attorney's fees and costs.

Marietta removed the action to this Court on December 24, 2010. AEI has not challenged removal.

## II.   Legal Analysis

### A. Subject-Matter Jurisdiction

Even though AEI did not challenge removal, this Court has an obligation to *sua sponte* determine whether it has subject-matter jurisdiction. *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). Based on the allegations of the Complaint, this Court has subject-matter jurisdiction over the removed action pursuant to 28 U.S.C. § 1332(a)(1). The fictitious John Doe defendants are not a factor in this consideration, *see* 28 U.S.C. § 1441(a), and the remaining parties are completely diverse. And this Court will accept Marietta's unchallenged, good faith allegation that the amount-in-controversy requirement has been met. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

### B. Failure to Comply with New Jersey Statutory Requirements

Marietta argues that AEI is barred from bringing a suit in either state or federal court in New Jersey because it failed to adhere to various statutory registration requirements. Because this Court sits in diversity jurisdiction, Marietta is correct that these statutes may close the doors of the Court to AEI. *See American Export Lines, Inc. v. J & J Distributing, Co.*, 452 F. Supp. 1160, 1163 (D.N.J. 1978).

First, under N.J.S.A. 14A:13-11(1), a foreign corporation transacting business in New Jersey without a certificate of authority may not maintain any action or proceeding in state court until it has obtained such a certificate. But AEI obtained a certificate after Marietta filed its motion to dismiss. In its reply papers, Marietta concedes that its argument regarding N.J.S.A. 14A:13-11(1) is therefore moot. The Court will not pass on the argument and instead holds that AEI has waived it.

Second, Marietta argues that AEI is barred from bringing a suit in either state or federal court in New Jersey because it failed to comply with the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 to -23, (the "Reporting Act") prior to bringing this suit. Again, Marietta concedes that AEI rendered this argument moot by obtaining a certificate post-motion, and the Court will hold that Marietta thus waived this argument.

But Marietta has not waived its argument under N.J.S.A. 14A:13-20(b), which states:

> The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report.

Marietta claims that AEI has failed to file *any* reports and argues that AEI is therefore barred from bringing any action against Marietta in state or federal court.

In response, AEI argues that it is exempted from the filing requirement under N.J.S.A. 14A:13-16:

> A foreign corporation shall not be required to file a notice of business activities report if . . . b. a timely return has been filed under the Corporation Business Tax Act or the Corporation Income Tax Act for such accounting period.

By the sworn declaration of its president and founder, George G. Galey, AEI asserts that it has never filed business reports because it has always filed its taxes in New Jersey. This assertion is also supported by the certification of Richard Parness, Certified Public Accountant, who certifies that he has been AEI's accountant for more than ten years and has filed tax returns on AEI's

behalf during that entire time. Marietta argues that this evidence falls short of the requirements of N.J.S.A. 13:16 because there is no evidence of whether the tax returns were timely filed, but the Court disagree. The evidence before the Court shows that AEI paid taxes regularly to the State of New Jersey.

Even if AEI had failed to comply with N.J.S.A. 14A:13-16, this Court would not dismiss AEI's complaint with prejudice. Instead, the appropriate remedy would be to allow AEI an opportunity to file the necessary activity reports and/or taxes, and, if AEI met its obligations, allow it to proceed with its claims. *See, e.g.*, *QBI Intern. v. Princeton Gamma Tech, Inc.*, Civ. No. 84-2445, 1988 WL 78161, at *3 (D.N.J. June 27, 1988) (denying post-trial motion to dismiss and holding that plaintiff could cure deficiencies under Reporting Act with post-trial compliance with Reporting Act); *see also First Family Mortg. Corp. of Florida v. Durham*, 528 A.2d 1288, 1294-95 (N.J. 1987) (holding N.J.S.A. 14A:13-20(b) unconstitutional as written and interpreting statute to provide that "a foreign corporation can pursue a cause of action in this state after filing an Activities Report and meeting the conditions of N.J.S.A. 14A:13-20(c)(2), regardless of whether the Report was filed in the same accounting period in which the cause of action arose.").

In sum, the Court finds that AEI has complied with the identified statutory obligations and is thus able to proceed with the current lawsuit.

         C.  <u>Failure to State a Claim under the NJFPA</u>

Marietta next argues that AEI's complaint fails to state a claim under the NJFPA and so the Court must dismiss the first count of the Complaint under Federal Rule of Civil Procedure 12(b)(6). In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility . . ." *Iqbal*, 129 S.Ct. at 1949 (2009). [1]

Marietta argues that the Complaint's fails to state a claim because it does not adequately plead the existence of a franchise between the parties. Marietta notes the following deficiencies: (1) failure to plead the existence of a written arrangement; (2) failure to plead that AEI had met the Gross Sales requirement; (3) failure to plead that it maintained a place of business in New Jersey as defined in the NJFPA; and (4) failure to plead a community of interest.

### i. Written Arrangement

Marietta argues that N.J.S.A. 56:10-3(a), which defines a "Franchise" as a being a "written arrangement," requires AEI to plead the existence of a written arrangement in order to state a claim for relief under the NJFPA.

The Complaint does not explicitly allege the existence of any writings between the parties. The Complaint alleges that AEI "was franchised under the laws of New Jersey as the exclusive distributor of Marietta wines." And while this could suggest the existence of a written arrangement – in order for AEI to be franchised in accordance with the NJFPA, there would have to be some written arrangement – the Court will not accept it as true because it is a legal conclusion and not an allegation of facts. The Complaint further alleges that Marietta "granted American Estates a license to use Marietta's brand name and trademarks." But this allegation does not necessarily imply the existence of a written agreement or any other writings, as a license for use of a mark may be granted orally. *See, e.g.*,

---

[1] Marietta either misconstrues the proper scope of the Court's review or attempts to nudge the Court into converting this motion to dismiss into a motion for summary judgment; aside from arguing throughout its briefs that AEI has failed to demonstrate various elements of its claim, Marietta attempts to direct this Court's attention to extrinsic evidence. But the Court will exclude this evidence from consideration for the purposes of this motion to avoid converting it into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). As discussed above, AEI need only plead the elements of its claim for that claim to survive the present motion to dismiss.

*Unicasa Marketing Group, LLC v. Spinelli*, Civ. No. 04-cv-4173, 2007 WL 757909, at *2 (D.N.J. Mar. 8, 2007).

Based on the above, the Court holds that AEI's complaint fails to allege the existence of a written arrangement and thus fails to state a claim under the NJFPA.

### ii. Gross Sales Requirement

Marietta makes two arguments based on N.J.S.A. 56:10-4(2), which defines the kinds of franchises to which the NJFPA applies. That section requires that "gross sales of products or services between the franchisor and franchisee covered by such franchise shall have exceeded $35,000 for the 12 months next preceding the institution of suit pursuant to this act" in order for the NJFPA to apply.

Marietta first argues N.J.S.A. 56:10-4(2) bars AEI's claim as untimely: because Marietta terminated the arrangement with AEI on October 5, 2005, AEI had no gross sales of Marietta's products after that time. As such, AEI did not have the necessary $35,000 in gross sales of Marietta's products for the twelve months preceding the filing of the present action on December 20, 2010. But Marietta's interpretation was rejected by the Supreme Court of New Jersey. In *Tynan v. General Motors Corp.*, the Appellate Division considered N.J.S.A. 56:10-4(2). 591 A.2d 1024, 1034-35. The majority interpreted the statute in the same way as Marietta asks this Court to interpret it – a plaintiff must file suit within a twelve month period during which its gross sales exceeded $35,000. *See id.* But in a partial dissent, Judge Cohen rejected that interpretation, holding that the twelve month limitation applies only to "ongoing franchises that are in business when the suit is started." *See id.* at 1036. And that otherwise, a plaintiff meets the requirement by having its gross sales calculated for the last twelve months that the franchise existed. *Id.* Provided the gross sales requirement was met, the plaintiff would have six years from the alleged violation to bring its claim. *See id.* On appeal, the Supreme Court of New Jersey reversed in part and adopted Judge Cohen's dissent regarding the application of N.J.S.A. 56:10-4(2). *See* 604 A.2d 99 (N.J. 1999). The motion to dismiss should thus be denied on this point.[2]

---

[2] The fact that AEI did not go out of business after the termination of its arrangement with Marietta does not affect that application of N.J.S.A. 56:10-4. Judge Cohen's dissent speaks to two scenarios: (1) where the termination of the franchise pushes the franchisee out of business; and (2) where there is a violation of the NJFPA but the franchise continues. It does not consider the third scenario we have before us: the franchisor terminates the franchise, but the franchisee survives. But that does not matter, because Judge Cohen's dissent rejected the general idea that N.J.S.A in 56:10-4 is a *de facto* statute of limitations. The opinion is about what twelve-month period the Court should consider when determining whether the gross sales requirement is met. In a scenario such as this, where the franchise is terminated but the franchisee's business survives, the relevant period of calculation is the twelve months prior to the termination of the franchise. Holding otherwise would be a gross contortion of the logic of Judge Cohen's opinion and would constitute punishing the franchisee who manages to survive an unlawful termination of the franchise.

But Marietta's second argument – that the complaint fails to allege *any* gross sales figures – is more problematic for AEI. In order to state a claim for a violation of the NJFPA, under N.J.S.A. 56:10-4(2), a franchisee must allege that for the appropriate twelve-month period its gross sales of the franchisor's products or services exceeded $35,000. Because the Complaint fails to do so, it fails to state a claim for violation of the NJFPA.

        iii.  Place of Business

Marietta argues that the Complaint fails to adequately allege that performance of the franchise contemplated or required AEI to maintain a place of business in New Jersey, as required by N.J.S.A. 56:10-4(1). On this point Marietta is wrong. The Complaint alleges that AEI "began its business by marketing Marietta's wines in New Jersey and New York," that AEI maintained a place of business in New Jersey "[a]t all relevant times," and that "the actions, contracts, business transactions and other events which form the basis for this litigation occurred" in New Jersey. Taken in sum, these allegations suggest that the arrangement between Marietta and AEI contemplated that AEI would maintain a place of business in New Jersey.

Marietta also argues that AEI's alleged place of business falls outside of the definition of the place of business contemplated by the NJFPA, but this argument relies on evidence outside of the pleadings. Thus, to avoid converting this motion to dismiss into a motion for summary judgment, the Court will not consider it.

        iv.  Community of Interest

Finally, Marietta argues that the Complaint fails to allege that a "community of interest" existed between the parties. A community of interest exists "'when the terms of the agreement between the parties or the nature of the franchise business requires the licensee, in the interest of the licensed business's success, to make a substantial investment in goods or skill that will be of minimal utility outside the franchise.'" *Instructional Systems, Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 142 (N.J. 1992) (quoting *Cassidy Podell Lynch, Inc. v. SnyderGeneral Corp.*, 944 F.2d 1131, 1143 (3d Cir. 1991)). Despite Marietta's arguments, the Complaint adequately alleges facts tending to show a community of interest existed between the parties.

The Complaint alleges that AEI made "enormous investments" of its "resources, reputation and good will" into developing a market for Marietta's wines. First, Marietta alleges that it never required AEI to make such investments, but that does not defeat AEI's claims. The Complaint makes clear that the nature of

the franchise business required AEI to make these investments because, as the Complaint alleges, there was almost zero market demand for Marietta's wines. Thus, AEI had to create a market for Marietta's wines from scratch in order for the arrangement between AEI and Marietta to be successful. Second, Marietta argues that the Complaint does not allege that these investments were franchise-specific – that is, that they would not be of minimal utility outside of the franchise. But the Complaint does not allege that AEI made enormous investments into developing a general business that it could then use to sell Marietta's wines as well as other wines. The Complaint alleges that AEI invested to develop a market specifically for Marietta's wines. Assuming the truth of those allegations, Marietta fails to explain how those investments could be anything other than franchise-specific.

Thus, the Court will deny the motion to dismiss on this point.

### III. Conclusion

While the majority of Marietta's arguments fail, the fact remains that the Complaint as written fails to state a claim for a violation of the NJFPA. But because these deficiencies are likely the result of inartful pleading and this litigation is at an early stage, it is inappropriate for the Court to dismiss the claim with prejudice. Instead, the Court will dismiss AEI's claim without prejudice and will grant AEI fourteen days to amend its Complaint for the narrow purposes of addressing the deficiencies discussed in this Opinion. If AEI does not amend its Complaint within fourteen days of the date of the accompanying order, the Court will dismiss AEI's claim for violation of the NJFPA with prejudice upon motion by Marietta.

An appropriate order follows.

                                              /s/ William J. Martini
                                           **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 25, 2011.**